UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LAMONT SMITH,

                Petitioner,

      v.

J. JOHNSON, *Supt. Of Green Haven Correctional Facility*

                Respondent.

**MEMORANDUM & ORDER**
21-CV-00316 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Petitioner Lamont Smith ("Petitioner") was sentenced to eighteen years of imprisonment and five years of post-release supervision as a second violent felony offender. Petitioner filed this petition *pro se* for a writ of habeas corpus ("Petition") claiming violations of his constitutional rights under the Fourth and Sixth Amendments of the United States Constitution.

      Petitioner simultaneously moved for a stay and abeyance of his federal habeas petition while he pursued a writ of error *coram nobis* in the New York Appellate Division, Second Department (the "Appellate Division"). In light of the denial of the writ of error *coram nobis* by the Appellate Division on May 19, 2021, the motion for stay and abeyance of his federal habeas petition is dismissed as moot, and the Court will adjudicate the habeas petition on the merits.

      For the reasons set forth below, the Petition is denied.

## BACKGROUND

      On April 2, 2011, Petitioner and two co-defendants engaged in a violent robbery at an apartment building in Queens; one of the apartment's residents was beaten and left bleeding on the floor while the apartment was robbed. ECF No. 4-1 at 6–8 (State Court Record). Security guards investigated the noise coming from the apartment, at which point Petitioner opened the

apartment door and brandished a gun at the security guards. *Id.* at 22–23. Petitioner and his co-defendants then fled the apartment. *Id.* at 40. While fleeing, Petitioner stepped in blood and tracked that blood to the apartment of Monet Paige. *Id.* at 40–41. Police officers called to the scene followed the trail of blood to Paige's apartment and knocked on the door to investigate. *Id.* at 51. When asked who was inside, Paige mentioned that she lived with two children. *Id.* The officers stressed the severity of the situation and asked that she and the children step outside to talk to them. *Id.* One of the children came outside, but Paige refused to bring out the other child. *Id*. at 61–63. Through a window, officers saw the Petitioner holding the second child. ECF No. 4-2 at 169–71. Believing the child was in danger, officers entered the apartment. *Id*. at 196. Once inside, they arrested the Petitioner. ECF No. 4-1 at 72.

Before trial, Petitioner moved to suppress all physical evidence recovered from the apartment where he was arrested. ECF 4-16 at 55. On November 26, 2012, the trial court held a suppression hearing. ECF No. 4-1 at 1; ECF 4-17 at 24. The trial court held that Petitioner did not have standing to challenge the warrantless entry into the apartment where he had fled after the robbery, as it was not Petitioner's apartment and he had failed to "demonstrate a personal legitimate expectation of privacy." ECF 4-16 at 79. It also held that, even if Petitioner did have standing, "police officers had reasonable grounds to believe that there was an emergency at hand and the safety of a child needed to be ensured," and thus the entry was justified as an emergency exception to the warrant requirement. *Id.* at 81–82.

On December 6, 2014, a jury convicted Petitioner of three counts of Burglary in the First Degree, three counts of Robbery in the First Degree, three counts of Robbery in the Second Degree, two counts of Assault in the Second Degree, and Criminal Possession of Stolen Property in the Fifth Degree. ECF No. 4 at ¶ 3. Petitioner was sentenced to an 18-year sentence, to be

followed by five years of post-release supervision. ECF No 1 at 1. Petitioner's conviction was affirmed by the, Appellate Division on July 10, 2019. *People v. Smith*, 174 A.D.3d 655 (2d Dep't 2019). Petitioner subsequently sought leave to appeal that decision to the New York Court of Appeals, which denied his application on October 8, 2019. *People v. Smith*, 34 N.Y.3d 984 (2019). Petitioner's judgment of conviction became final ninety days from the date the Court of Appeals denied leave to appeal. *See* 28 U.S.C. § 2244(d)(1)(A); *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003) (inferring that the one-year limitations period provided in section 2244(d)(1)(A) is correctly read as running after the ninety days a person incarcerated in state prison might petition for a writ of certiorari). Therefore, Petitioner's conviction became final on or about January 6, 2020.

On December 21, 2020, Petitioner filed this Petition seeking a writ of habeas corpus on the grounds that: (i) the trial court improperly denied his motion to suppress evidence related to his arrest; (ii) his rights under the Confrontation Clause were violated by allowing a DNA expert, who did not conduct the DNA test, to testify to the results of the test; (iii) the prosecutor made misrepresentations in closing arguments to the jury; and (iv) he was denied his right to a fair trial because of errors in how the jury was charged. ECF No. 1 at 5–11.

## STANDARD OF REVIEW

### I. Deferential Review Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act")

Habeas petitions are governed by the standards laid out in the AEDPA, which commands deference to the prior decisions of the state courts. The Act provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established federal law only if either: (a) "the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court," or (b) where "presented with 'facts that are materially indistinguishable from a relevant Supreme Court precedent,' the state court arrived at" a different conclusion. *Evans v. Fischer*, 712 F.3d 125, 132 (2d Cir. 2013) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). Even where the state court applied the correct principle from federal law, the writ may still be granted "if the state court . . . *unreasonably applies* that principle to the facts." *Id.* at 133 (quoting *Williams*, 529 U.S. at 412) (emphasis added). Nevertheless, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).

## II.     Considerations for *Pro Se* Petitioners

"The submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). When federal habeas petitioners are proceeding *pro se*, as is the case here, "'courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed.'" *Bowers v. Smith*, No. 19-cv-5683, 2019 WL 5188939, at *2 (quoting *Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983)). *Pro se* petitioners are not, however, "exempt from compliance

4

with relevant rules of procedural and substantive law." *Rivera v. United States*, No. 06-CV-5140, 2006 WL 3337511, at *1 (E.D.N.Y. Oct. 4, 2006). The Court evaluates Petitioner's submissions accordingly.

### III. Exhaustion Requirement

A district court shall only review a writ of habeas corpus when "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). There is a "two-stage inquiry" adopted by the Second Circuit to determine whether the requisite exhaustion has occurred. *O'Neal v. New York*, 465 F. Supp. 3d 206, 214 (E.D.N.Y. 2020) (citing *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981)).

First, the petitioner must have fairly presented "his [or her] federal constitutional claim to an appropriate state court." *Id.* "A federal habeas petitioner may 'fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution' by stating his constitutional claim clearly enough so that a court can easily discern its basis." *Christopher v. Connolly*, No. 06-CV-1575 RRM, 2013 WL 1290810, at *7 (E.D.N.Y. Mar. 28, 2013) (quoting *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 194 (2d Cir.1982) (en banc)). In other words, the state court claim must have been presented in a way that was "likely to alert the [state] court to the claim's federal nature." *Chisholm v. Uhler*, No. 16-CV-5394, 2022 WL 2758366, at *10 (E.D.N.Y. July 14, 2022) (quoting *Daye*, 696 F.2d at 191–92 (2d Cir. 1982) (en banc)).

Second, after "having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure appellate review of the denial of that claim." *See Klein*, 667 F.2d at 282; *see also* 28 U.S.C. § 2254(c) (providing that "[a]n applicant shall not be deemed to have exhausted the

5

remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Petitioning the Supreme Court of the United States by writ of certiorari is not required to satisfy the exhaustion requirement, but the state prisoner must "fairly present his federal constitutional claims to the highest state court having jurisdiction over them." *O'Neal*, 465 F. Supp. 3d at 214. "Specifically, [petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Id.* at 215. (alteration in original).  If petitioner has done so, and relief is denied, and petitioner "thereupon unsuccessfully employs all the state appellate procedures available for review of such denial, the petitioner has satisfied the exhaustion requirement." *Klein*, 667 F.2d at 283 (quotation marks and citations omitted).

## DISCUSSION

### I. Timeliness

As a threshold matter, individuals in state custody seeking federal habeas relief are subject to a one-year statute of limitations under the AEDPA, codified at 28 U.S.C. § 2244.  The Act prescribes a limitations period of one-year from the latest of four circumstances, the most common being "the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, § 2244(d)(1)(A) is correctly read as beginning to run after the ninety days during which a person convicted of a crime might petition the Supreme Court for a writ of certiorari, which constitutes the actual "expiration of time for seeking [direct] review."  *See Clay*, 537 U.S. 529–30 (inferring that § 2244(d)(1)(A) is satisfied only after the ninety days during which one might petition for a writ of certiorari).  As a result, individuals incarcerated by state authorities are allowed fifteen months from the conclusion of

direct review during which they may petition a federal district court for a writ of habeas corpus. Here, Petitioner's conviction became final on or about January 6, 2020, and he filed his Petition on December 21, 2020, within the statute of limitations. *See* ECF No. 1 at 15. Thus, the Court finds the Petition is timely.

## II. The Fourth Amendment Claim (Ground One) is Not Cognizable on Federal Habeas Review.

When deciding whether a writ of habeas corpus should issue, courts need only reach the merits of a petitioner's claims if those claims are cognizable for federal habeas review. In the instant case, Petitioner's first ground for habeas relief, his Fourth Amendment claim, is not reviewable by this Court as "the state has provided an opportunity for full and fair litigation of [his] Fourth Amendment claim." *Stone v. Powell*, 428 U.S. 465, 481–82 (1976); *see also United States v. Hightower*, 950 F.3d 33, 36 (2020) (reiterating that "the exclusionary rule does not apply" in "federal habeas proceedings" due to *Stone*).

Petitioner claims that "[t]he police, absent the Fourth Amendment proscriptions, conducted a warrantless arrest in residence." ECF No. 1 at 4. This ground falls squarely within the ambit of Fourth Amendment claims precluded from review. *See, e.g.*, *Ricketts v. Mazzuca*, 250 F. Supp. 2d 131, 133 (E.D.N.Y. 2003) (holding that a petitioner's claim that "police did not have probable cause to arrest him" was barred from habeas review because he was given a "full and fair" opportunity to litigate the claim in state court). To overcome this claim's exclusion from reviewability, Petitioner needs to show "a) [] the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) [] the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Branch v. McClellan*, 234 F.3d 1261 (2d Cir. 2000). This is a heavy burden because "[c]ourts have repeatedly recognized

that New York provides an adequate corrective procedure for Fourth Amendment claims." *Gray v. Lamanna*, No. 17-CV-6324, 2021 WL 4844536, at *8 (E.D.N.Y. Oct. 18, 2021). "For this reason, federal courts within this Circuit have almost uniformly held that challenges to New York State court rulings . . . are not reviewable" in habeas petitions. *Id.*

Petitioner has failed to meet this burden. Petitioner was given a full opportunity to litigate this exact issue when he moved to suppress the evidence related to his arrest. ECF No. 1 at 5; ECF 4-16 at 55. He was able to raise this issue i his motion papers, ECF 4-16 at 55, and then again during his suppression hearing. ECF No. 4-1 at 1. This issue was also raised on appeal. *Smith*, 174 A.D.3d at 356 (finding "evidence elicited at the suppression hearing established that the arresting officers had probable cause to place the defendant under arrest"); *Smith*, 34 N.Y.3d 984 (denying leave to appeal). Therefore, since the state proceedings provided a full and fair opportunity to litigate this issue, Petitioner is barred from raising it on habeas review.

### III. The Confrontation Clause Claim (Ground Two) Is Barred from Review by an Adequate and Independent State Procedural Ground and is Meritless.

Petitioner's second ground for habeas relief is that his rights under the Confrontation Clause were violated because the DNA expert who testified in his case was not the individual who performed the DNA test which was admitted into evidence. ECF No. 1 at 7. At trial, DNA evidence was admitted linking Petitioner to a shoe recovered from the apartment where Petitioner was arrested. ECF No. 4-11 at 193. The shoe was covered in the blood of one of the robbery victims. *Id* at 196, 248–49. At trial, the DNA evidence was presented by a forensic biologist. ECF No. 4-11 at 194, 247–50. However, that witness did not perform the DNA test herself. ECF No. 1 at 7. Rather, it was performed by one of the criminologists whom she supervised. ECF No. 4 at 18, ECF No. 4-11 247–50. The witness did, however, conduct a

"technical review" of the results after the test was completed to ensure it was performed correctly.  ECF No. 4 at 19, ECF 4-12 at 92.

As an initial matter, this ground is barred because Petitioner (i) defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, and (ii) has not demonstrated any cause for the default, nor that failure to consider the claim would result in a miscarriage of justice.  However, even if this claim was not barred from review, the Court does not find "objectively unreasonable" the Appellate Division's finding that Petitioner's claim under the Confrontation Clause is meritless.

Federal law is clear that where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Holmes v. Lamanna*, No. 20-CV-02769, 2022 WL 1556497, at *6 (E.D.N.Y. May 17, 2022) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The Appellate Division found Petitioner's claim that the "admission into evidence of the DNA profiles and reports, as well as the testimony of the People's expert analyst, violated his Sixth Amendment right to confrontation [was] unpreserved for appellate review." *People v. Smith*, 174 A.D.3d at 657.  In reaching this conclusion, the Appellate Division cited, N.Y. Crim. Proc. Law § 470.05(2), which requires that a claim of error in the state trial court be preserved to be entitled to review in the appellate court. *People v. Smith*, 174 A.D.3d at 657.  This preservation requirement has long been recognized by federal courts as an adequate and

9

independent state ground. *See Liggan v. Senkowski*, 652 F. App'x 41, 43 (2d Cir. 2016); *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011); *Taylor v. Harris*, 640 F.2d 1, 1–2 (2d Cir. 1981).

Because the Appellate Division found that Petitioner defaulted based on an adequate and independent state law ground, the burden shifts to Petitioner to prove that there was cause for the default, or that barring review would be a miscarriage of justice. *Harris v. Reed*, 489 U.S. 255, 262 (1989). Petitioner has not addressed this issue and thus has not met his burden.

While the Appellate Division first found the claim unpreserved, it additionally concluded that the claim was, "in any event, without merit." *People v. Smith*, 174 A.D.3d at 657. Even if the issue was cognizable for habeas review, the Court does not find unreasonable the Appellate Division's additional finding that Petitioner's claim under the Confrontation Clause is meritless. Again, to obtain habeas relief, a petitioner must show that the state court's judgement was an unreasonable application of "clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Here, the Court finds there is no clearly established federal law as articulated by the Supreme Court that would make the Appellate Division's judgement unreasonable.

The Sixth Amendment ensures that all criminal defendants are granted the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. In 2004, the Supreme Court established the contemporary test for determining when the Confrontation Clause has been violated. *Crawford v. Washington*, 541 U.S. 36 (2004). The "Court held that the Confrontation Clause prohibits admission at trial of out-of-court testimonial statements against a criminal defendant unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine him." *Washington v. Griffin*, 876 F.3d 395, 404 (2d Cir. 2017) (*citing Crawford*, 541 U.S. at 68). The question, then, turns on the meaning of "testimonial."

10

There have been a few cases that "addressed the meaning of testimonial in the context of laboratory testing," *Washington*, 876 F.3d at 404, but none is directly on point.[1] The most informative is *Williams v. Illinois*, 567 U.S. 50 (2012), which also involved DNA testing in the context of the Confrontation Clause. There, the Supreme Court held that a DNA expert could testify as to their conclusions regarding a DNA profile developed by a separate laboratory without violating the Confrontation Clause, even though no one from the laboratory which developed the DNA profile themselves testified. *Id*. at 84–85. However, particularly because of the multiple concurring opinions in *Williams*, "[t]he Court came to no clear consensus as to what constituted a testimonial statement" when it came to DNA experts in this context. *Washington*, 876 F.3d at 406 (quoting *United States v. James*, 712 F.3d 79 at 91 (2d Cir. 2013)). Importantly, "the Supreme Court has never held," in *Williams* or any other case, "that the Confrontation Clause requires an opportunity to cross examine each lab analyst involved in the process of generating a DNA profile." *Id.* at 407. Multiple courts in this District have therefore held that a habeas petitioner is not entitled under the Confrontation Clause to cross-examine at trial every person who participated in the government's analysis of DNA evidence when, as in Petitioner's case, at least one of the analysts testifies. *See Abuziyad v. Goyea*, No. 17-cv-552, 2019 WL 8884051, at *16 (E.D.N.Y. Sept. 20, 2019) (report and recommendation), *adopted in full*, 2020 WL 2617887 (E.D.N.Y. May 25, 2020); *Totesau v. Lee*, No. 19-CV-6992, 2022 WL 1666895, at *36 (E.D.N.Y. May 25, 2022).

---

[1] Besides *Williams*, the other Supreme Court cases which relate to laboratory testing are *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), where the Court held a defendant has a right to confront a laboratory technician who concluded material was a controlled substance, and *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), where the Court held a defendant has a right to confront a lab technician who concluded defendants blood alcohol was above the legal limit.

Given that there is no clearly established case articulating the Supreme Court's Confrontation Clause jurisprudence in this area, this Court cannot hold that the Appellate Division's judgment that Petitioner's claim was without merit was an unreasonable application of clearly established Supreme Court precedent.

### IV. Petitioner Procedurally Defaulted on his Hearsay (Ground Two), Uncharged Crime (Ground Two), Prosecutorial Misconduct (Ground Three) and Jury Instruction (Ground Four) Claims

Petitioner raises two additional claims on his form for habeas relief under "Ground Two" that do not appear to relate to his Confrontation Clause claim. He claims the prosecutor "elicited hearsay evidence of another alleged crime victim in the case [who] never testified at trial" and "elicited evidence of [an] uncharged crime." ECF No. 1 at 7. Petitioner also raises additional claims of prosecutorial misconduct and failure to properly charge the jury in his third and fourth grounds for habeas relief. Petitioner's hearsay, uncharged crime, prosecutorial misconduct, and failure to charge claims are all barred because Petitioner has procedurally defaulted on them.

Petitioner marked "yes" on the form petition for habeas relief when asked if he raised his hearsay and uncharged crime claims on direct appeal. ECF No. 1 at 7. However, despite that assertion, a review of the record shows that Petitioner did not raise these claims in his Appellate Division brief. See ECF No. 4-18 at 134–44. Petitioner concedes that he did not present his prosecutorial misconduct and jury instruction claims for in state court on direct appeal. ECF No. 1 at 8–11.

Thus, Petitioner has not presented any of these claims to the appropriate state court in accordance with state procedural requirements, and thus has not exhausted all state court remedies with respect to these claims. *See* 28 U.S.C. § 2254(b)(1)(A). By failing to do so, Petitioner failed to "afford the state courts a meaningful opportunity to consider [the] allegations of legal error." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citations omitted).

12

In his state application for a writ of error *coram nobis*, Petitioner claimed his appellate counsel failed to raise his prosecutorial misconduct and failure to charge claims on direct appeal, arguing that his failure to exhaust those claims is attributable to ineffective assistance of appellate counsel. ECF No. 1 at 8–11. Although Petitioner provides no explicit explanation for why his hearsay and uncharged crime claims were not raised on direct appeal, the Court will nevertheless give him the benefit of the doubt and assume he is arguing that the reason these claims were not exhausted is because of ineffective assistance of appellate counsel.

None of these claims, however, are exhausted by a *coram nobis* petition. "It is well settled that the only claim that appropriately may be exhausted in a *coram nobis* proceeding is one of ineffective assistance of appellate counsel." *Brooks v. Sticht*, No. 20-cv-1108, 2022 WL 1190456, at *6 (W.D.N.Y. Apr. 21, 2022) (citing *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001)). A *coram nobis* petition does not exhaust the underlying claims of error. *See Rush v. Lemke*, 500 F. App'x 12, 15 (2d Cir. 2012). This is because alleged "constitutional deprivations . . . could be advanced in a writ of error *coram nobis* only as predicates for the claim of ineffectiveness, on the theory that effective counsel would have appealed on those grounds." *Turner*, 262 F.3d at 123. However, the "[c]laims presented *within* an argument for ineffective assistance of appellate counsel are not considered exhausted." *Chisholm*, 2022 WL 2758366, at *4 (emphasis added); *see also Tineo v. Heath*, No. 09-cv-3357, 2012 WL 4328361, at *6 (E.D.N.Y. Sept. 19, 2012); *Jones v. Senkowski*, 42 F. App'x 485, 487 (2d Cir. 2002). Here, all of Petitioner's claims are "underlying claims of error," *Rush,* 500 F. App'x at 15, and thus none of them are exhausted by his *coram nobis* petition.

The fact that Petitioner can no longer raise these issues in state court does not change this analysis. Under New York law, a petitioner is only allowed one direct appeal. *Grey v. Hoke*,

933 F.2d 117, 120 (2d Cir. 1991); *Chisholm*, 2022 WL 2758366, at \*5. Petitioner has already made that direct appeal. ECF No. 1 at 2. If a state prisoner has failed to exhaust state court remedies with respect to a claim, but no longer has a procedure to raise the claim in state court, the "federal courts 'deem' the claims exhausted," but procedurally defaulted. *Brooks*, 2022 WL 1190456, at \*7; *see also St. Helen v. Senkowski*, 374 F.3d 181, 182–83 (2d Cir. 2004).

     A petitioner can only overcome this procedural bar on review if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. To establish cause for the default, a habeas petitioner must show that "some objective factor external to the defense" impeded the petitioner's ability to present the claim. *Id.* at 753. Such a scenario may exist where "the factual or legal basis for a claim was not reasonably available to counsel" or when "some interference by officials . . . made compliance impracticable." *Id.* (quoting *Murray*, 477 U.S. at 492). To show prejudice, a petitioner must show "'there is a reasonable probability' that the result of the trial would have been different absent the alleged constitutional violation." *Stickler v. Greene*, 527 U.S. 263, 289 (1999) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). A procedural default may also be overcome if a petitioner can prove "actual innocence" such that a failure to consider the claims will result in a "fundamental miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 383–84 (2013).

     Petitioner has not provided any evidence of prejudice, nor made an argument in support of a claim of actual innocence, nor has he indicated how failing to consider his unexhausted claims would be a miscarriage of justice. Therefore, Petitioner's additional claims in his second ground for habeas relief, and all of his claims in his third and fourth grounds for habeas relief, are deemed exhausted but procedurally barred. *See Chisholm,* 2022 WL 2758366, at \*5.

**CONCLUSION**

For the foregoing reasons, the Court denies the instant Petition with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Court further finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c)(2).  Any further request for a certificate of appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b).

The Clerk of Court shall enter judgment accordingly and close this case.  The Clerk of Court is further directed to serve a copy of this Memorandum and Order upon *pro se* Petitioner.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 29, 2022